FILED IN CHAMBERS
U.S.D.C ATLANTA
Date: Mar 11 2022
KEVIN P. WEIMER, Clerk
By: s/Kari Butler
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| GIST HUSKINS, | : | PRISONER CIVIL RIGHTS |
| Gordon Cty No. 44225, | : | 42 U.S.C. § 1983 |
| Plaintiff pro se, | : | |
| | : | |
| v. | : | |
| | : | |
| MAJOR PAT BEDFORD, et al., | : | CIVIL ACTION NO. |
| Defendants. | : | 4:21-CV-0081-HLM-WEJ |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff, Gist Huskins, an inmate at the Gordon County Jail in Calhoun, Georgia, has filed a pro se civil rights Complaint. The matter is before the Court for initial screening of the Complaint and consideration of plaintiff's Application for leave to proceed in forma pauperis ("IFP"). For the reasons stated below, plaintiff's IFP Application is **GRANTED**. Additionally, **IT IS RECOMMENDED** that this action be **DISMISSED** for failure to state a claim and as frivolous.

### I.  IFP STATUS

Plaintiff has submitted an executed authorization allowing his custodian to withdraw funds from his inmate account. (Aff. [5] at 2.) The institutional officer's certification indicates that he has a current balance of $0.20 in his inmate account.

(Id.)  Accordingly, plaintiff's IFP Application is **GRANTED**, and the Court finds that he is not able to pay an initial partial filing fee.

Plaintiff shall pay the balance of the $350.00 filing fee as funds are deposited in his inmate account pursuant to 28 U.S.C. § 1915(b)(2).  Specifically, the balance of said filing fee shall be paid by, or on behalf of plaintiff, in monthly or other incremental payments in the amount of 20% of the preceding month's income credited to plaintiff's inmate account, in each month in which his account balance exceeds $10.00.  Under § 1915(b)(1), plaintiff is required to pay the full amount the filing fee regardless of the outcome of this suit.

## II.    28 U.S.C. § 1915A SCREENING

The Court must screen a prisoner complaint against a governmental entity, officer, or employee to determine whether the action (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(a), (b)(1)-(2).  A claim is frivolous if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quotation marks omitted). To state a claim for relief, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2). "A plaintiff . . . must plead facts sufficient to show that [his] claim has substantive

plausibility" and to inform the defendant of "the factual basis" for the complaint. Johnson v. City of Shelby, 574 U.S. 10, 12 (2014) (per curiam).

In order to satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. Gissendaner v. Comm'r, Ga. Dep't of Corr., 803 F.3d 565, 578 (11th Cir. 2015); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing a court's authority to disregard frivolous factual allegations). Further, the Court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (quotation marks omitted). If a litigant cannot satisfy these requirements or fails to provide factual allegations in

support of his claims, the complaint is subject to dismissal. See 28 U.S.C. § 1915A (providing that a complaint, or any portion thereof, that does not pass the standard in § 1915A(b)(1)-(2) "shall" be dismissed on preliminary review).

In his Complaint, plaintiff alleges that there is no procedure in place at the Gordon County Jail to make anonymous Prison Rape Elimination Act ("PREA") claims, in violation of his rights under the PREA. (Compl. [1] at 7.) Plaintiff further complains that he "overheard sexual advances" towards younger inmates by other inmates, but that Gordon County Jail staff would not make the PREA hotline 1-800 number available to him. (Id.) Plaintiff also alleges an incident where "Officer Jarrett" supervised a shower spray down process in "extremely inappropriate pants . . . that were so tight he could barely walk," prompting sexual comments from inmates, to which Officer Jarrett responded by hitting innocent "inmate Oree" in the face. (Id.) Plaintiff contends that all of this is in violation of the PREA. (Id.) As relief, plaintiff seeks "a federal audit" of the Gordon County Jail for PREA violations and monetary damages for violations of his statutory PREA rights. (Id. at 8.)

Here, plaintiff's PREA claims fail as a matter of law. The PREA provides no private cause of action—even if couched as a § 1983 claim. See, e.g., Krieg v. Steele, 599 F. App'x 231, 232-33 (5th Cir. 2015) (per curiam) ("Insofar as Krieg

4

argues that his rights under the Prison Rape Elimination Act (PREA), 42 U.S.C. § 15601, et seq., were violated, other courts addressing this issue have found that the PREA does not establish a private cause of action for allegations of prison rape.") (collecting cases); Fatir v. Phelps, No. CV 18-933-CFC, 2019 WL 2162720, at *5 (D. Del. May 17, 2019) (finding no private cause of action under the PREA and "the invocation of Constitutional Amendments does not save the PREA claims"). Plaintiff cannot pursue a § 1983 claim based on defendants' alleged failure to comply with the PREA. Moreover, to the extent that plaintiff attempts to assert claims on behalf of other inmates, pro se plaintiffs, particularly prisoners, cannot assert the legal rights of others in federal court. See Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming that a nonlawyer inmate may not proceed in federal court on behalf of fellow inmates).

Accordingly, **IT IS RECOMMENDED** that this action be **DISMISSED** under § 1915A for failure to state a claim and as frivolous.

## III. CONCLUSION

For the reasons stated above, plaintiff's Application for leave to proceed IFP [5] is **GRANTED**. The Clerk of Court is **DIRECTED** to transmit a copy of this Order to the warden of the institution where plaintiff is confined. The warden, or his designee, shall collect the aforementioned monthly payments from plaintiff's

inmate account and remit such payments to the Clerk of the United States District Court for the Northern District of Georgia until the $350.00 filing fee is paid in full, as verified by separate notice from the Clerk to the warden of the institution.

**IT IS RECOMMENDED** that this action be **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim and as frivolous.

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned United States Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 11th day of March, 2022.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE